■ LOUIS LIGHT CORP., Respondent, v. BARNEY MONTE, Defendant, and MONCAROL CONSTRUCTION CORP., Appellant.— Order entered January 7, 1969, unanimously reversed on the law and appellant's motion to vacate the prior

order granting partial summary judgment is granted; the order granting partial summary judgment and the judgment entered thereon are vacated and plaintiff's motion for partial summary judgment is denied with $50 costs and disbursements to appellant. Appeals from two orders entered October 29, 1968, and from judgment entered October 31, 1969 are dismissed as academic without costs. In this action to recover for work, labor and services performed by plaintiff as a heating contractor in the construction of certain buildings and for damages for fraud, Special Term on October 29, 1968 granted (in our view correctly) partial summary judgment in favor of the plaintiff on the first three causes of action. However, upon appellant's motion for renewal and reconsideration, the affidavit of Theodore Monte in support thereof was accepted by Special Term and considered on the merits. This affidavit sets forth in great detail each and every item of extra work listed by plaintiff which affiant categorically states was included within the basic contract and fully paid. It is also claimed that excessive charges were made for extra work actually performed. Items of claimed or omitted work and substitution of inferior materials are also listed in detail. The same affidavit details payments by checks to third parties totalling $10,572 at the direction of one Jack Sloan said to have been an officer and principal stockholder of the corporation and the only person on behalf of the plaintiff with whom appellant had transacted business. Detailed evidentiary proof has been furnished by appellant which raise substantial and real issues of fact and which, if ultimately resolved in appellant's favor upon trial, will defeat recovery by plaintiff. Indeed if that be the case, appellant may recover affirmative judgment against plaintiff. Under these circumstances it is well established that summary judgment may not be granted. It has been said that "'issue-finding, rather than issue-determination, is the key to the procedure'" (*Sillman* v. *Twentieth Century-Fox Film Corp.*, 3 N Y 2d 395, 404; see, also, *Falk* v. *Goodman*, 7 N Y 2d 87, 91). This is so because the granting of such a motion is the procedural equivalent to a trial. Settle order on notice. Concur — Eager, J. P., Capozzoli, Nunez and Bastow, JJ.